IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3083-BO

JEREMY OUERT and MELINDA SUE JONES,)
    Plaintiff, )
     )
v. )   O R D E R
     )
HERNANDES, et al., )
    Defendants. )

FILED
OCT 18 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Plaintiffs have filed this civil rights action pursuant to 42 U.S.C. § 1983. The claims survive a frivolity review pursuant to 28 U.S.C. § 1915(e)(2) and are allowed to proceed.[1] Accordingly, the Clerk is DIRECTED to maintain management of the complaint.

Also before the court are two pending motion for appointment of counsel. (D.E. # 8 and D.E. # 10) The motions for the appointment of counsel are DENIED. There is no constitutional right to counsel in civil cases. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent litigant. However, under the statute, a court cannot force an attorney to accept an appointment. Court intervention to procure representation is typically reserved for cases presenting "exceptional circumstances," determined by examining the claims and the litigant's abilities. Presently, this court finds that no exceptional circumstances exist.

---

[1] Prior to conducting this frivolity review, plaintiffs also filed a Motion to Amend (D.E. # 10). A party may amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading required, 21 days after service of the a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a). Service has not been made and no responsive pleading has been filed. The court shall allow the August 26, 2010 (D.E. # 10). Therefore, the court conducts the frivolity review as to the original complaint and the Motion to Amend.

Lastly, the court, construing the pleadings liberally, shall ALLOW plaintiff Jones' filing of July 12, 2010, in that it seeks to add additional claims to the complaint. Therefore, the court shall construe D.E. # 7 as a motion to amend the complaint to add issues of access to courts and the right to send and receive mail. For the reasons set out in footnote 1, this motion to amend is ALLOWED and considered as part of the original complaint in this action.

Accordingly, the motions to amend (D.E. # 7 and # 10) are ALLOWED.[2] These amendments, coupled with the complaint, survive the frivolity review. The motions for appointment of counsel (D.E. # 8 and # 11) are DENIED.

SO ORDERED, this the 15 day of October 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] While the docket sheet reflects D.E. # 7 is a "motion for permission to write to plaintiff," the court does not interpret the filing as such at this time, but as a motion to amend the complaint to add claims regarding her inability to write to plaintiff.