UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3083-BO

JEREMY OUERT and MELINDA SUE JONES, )
    Plaintiff, )
)
v. ) ORDER
)
MR. HERNANDES, et al., )
    Defendants. )

Plaintiffs in this action are both incarcerated inmates within the North Carolina Department of Correction. Plaintiff Jeremy Ouert is housed at Tabor Correctional Institution and Plaintiff Melinda Sue Jones is housed at Southern Correctional Institution. They seek to marry one another. North Carolina's marriage statute requires one party to a proposed marriage to appear in person before the register of deeds to obtain the required license. N.C. Gen. Stat. § 51-6 (2010). Because of prison policy, plaintiffs have not been able to comply with the statute and allege this violates their constitutional rights to marriage under Turner v. Safley, 482 U.S. 78 (1987). Defendants have filed a motion for summary judgment (D.E. # 35) to which plaintiffs respond in opposition. (D.E # 48) Plaintiff Ouert has a motion for appointment of counsel pending before the court as well as a motion for an extension of time in which to file a motion for leave to file an amended complaint. (D.E. #29 and # 31)

The issue before the court is complex. However, there is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the

individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The court finds the standard has been meet and shall appoint North Carolina Prisoner Legal Services (NCPLS) as counsel for plaintiff Ouert and Jones.

Accordingly, the motion for appointment of counsel is ALLOWED (D.E. # 29). Thus, the extension of time to file an amended complaint (which was filed prior to the motion for summary judgment) is ALLOWED. (D.E. # 31) NCPLS is given 45 days from the filing of this order to file an amended complaint. Having so determined, the motion for summary judgment is DENIED without prejudice (D.E. # 35).

SO ORDERED, this 14 day of March 2012.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE